Filed 2/10/25  P. v. Chavez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN DANIEL CHAVEZ,<br><br>    Defendant and Appellant. | D084453<br><br><br>(Super. Ct. Nos.<br>SCS149245/SCS167911) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Appeal Dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Juan Daniel Chavez appeals from a judgment following a bench trial recommitting him as an offender with mental health disorder (OMHD)

pursuant to Penal Code sections 2970 and 2972.[1] His counsel on appeal has filed an opening brief asking this court to conduct an independent review of the record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436) (*Wende*). We granted Chavez the opportunity to file a supplemental brief on his own behalf and he has not done so.

## FACTUAL BACKGROUND

In August 2000, a jury convicted Chavez of second degree robbery. While on probation for that offense, Chavez suffered a conviction for exhibiting a deadly weapon. Pursuant to those convictions, the court sentenced Chavez to a total carceral term of four years. In 2009, Chavez was committed to the Department of State Hospitals as an OMHD under section 2962.

Each year since 2009, the court has ordered a one-year extension to Chavez's civil commitment pursuant to sections 2970 and 2972. In support of the December 2023 petition, the People attached an affidavit from the medical director of a state hospital. The medical director opined Chavez suffered "from a severe mental disorder that [was] not in remission" and that he "represent[ed] a substantial danger of physical harm to others" due, in part, to his failure to adhere to his treatment plan.

Chavez denied the allegations in the petition and requested a bench trial. The court appointed two doctors to examine Chavez and provide opinions about whether his commitment should be extended for another year. Both doctors opined that Chavez suffered from a severe mental disorder and

---

[1] Further undesignated statutory references are to the Penal Code. OMHD prisoners were previously referred to as mentally disordered offenders, or MDOs, but the Legislature changed the terminology in 2019. (*People v. McCray* (2023) 98 Cal.App.5th 260, 264, fn. 1.)

that his mental disorder was not in remission.  Further, they cited Chavez's lack of insight into his disorder and his inconsistent treatment compliance as reasons he could not be safely treated for his mental disorder in the community.  Chavez did not testify and did not offer any affirmative evidence.

Ultimately, the court determined the petition's allegations were true and recommitted Chavez to the Department of State Hospitals for an additional one-year term, until April 11, 2025.

DISCUSSION

Chavez's appointed appellate counsel has filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the facts and procedural history.  Counsel raised no specific issues on appeal and instead sought to distinguish this case from *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  This court generally follows *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*), and dismisses such appeals because the procedures set forth in *Wende* and *Anders* for *criminal* defendants do not apply to an extension of a *civil* commitment under the OMHD statute. (§ 2960 et seq.)

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.).  (*Ben C., supra*, 40 Cal.4th at p. 539.)  The Second District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to OMHD commitment cases.  (*Taylor, supra*, 160 Cal.App.4th at p. 308.)  Chavez's counsel cites *Taylor* but does not discuss its holding or applicability to this matter.

In *Taylor*, the court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to postconviction commitments under the OMHD statute.  (*Taylor, supra*, 160 Cal.App.4th at p. 312.)  *Taylor* reasoned that *Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a *criminal* case, and we are bound by the Supreme Court's characterization of the OMHD statute as " 'a civil commitment scheme.' " (*Taylor, supra*, at p. 312.)  In rendering its decision, our sister court commented that the Rules of Court ensure sufficient advocacy for OMHDs on appeal, and that due process does not require the extension of *Anders/Wende* to appeals from such commitment orders.  (*Taylor, supra*, at p. 313.) Accordingly, *Taylor* dismissed the appeal without conducting an independent review of the record.  (*Ibid.*)

We agree with *Taylor*'s reasoning and apply it here.  No reasonably arguable issues have been raised by counsel or appellant and we decline to exercise our discretion under *Ben C.* to conduct an independent review of the record in this case under *Anders/Wende* or otherwise.  (See *Taylor, supra*, 160 Cal.App.4th at p. 313.)  Accordingly, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

KELETY, J.